JULIO GARCÍA GUZMÁN, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON JORGE LUIS CÓRDOVA DÍAZ, demandada.

Núm. 333.—*Sometido:* Enero 15, 1940. *Resuelto:* Enero 25, 1940.

*José F. Camuñas,* abogado del peticionario; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El peticionario solicitó de este tribunal un auto perentorio de *mandamus* que ordene a la corte recurrida a sobreseer los casos criminales números 3996, 14785 y 14822, seguidos contra él por delitos de atentado a la vida, portar armas e infracción a la Ley núm. 14 de 1936 (Leyes de 1936, (2) pág. 129). Se funda el peticionario para solicitar la expedición del auto de *mandamus* en no haberse celebrado el juicio de dichos casos dentro de los 120 días que prescribe el artículo 448 del Código de Enjuiciamiento Criminal.

Expedido un auto condicional de *mandamus,* contestó la corte recurrida por su Juez Hon. Jorge Luis Córdova Díaz, exponiendo bajo juramento los siguientes hechos: que la lectura de acusación en los tres casos se llevó a efecto el 23 de junio de 1939, habiendo el acusado alegado ser inocente y solicitado en la misma fecha que los dos casos *misdemeanor* se vieran conjuntamente con el *felony* número 3996, para la sustanciación del cual solicitó juicio por jurado. Que el 10 de octubre siguiente los tres casos fueron señalados para juicio que había de celebrarse el 13 de noviembre de 1939. Que el primero de noviembre radicó una moción el peticionario solicitando el archivo y sobreseimiento de los tres casos por haber transcurrido más de 120 días sin haberse celebrado el juicio, moción que fué desestimada el 9 del mismo mes luego de oídas las partes. Que el día siguiente el acusado radicó una moción solicitando la suspensión del juicio en los tres casos porque su abogado tenía pendiente el mismo día para el cual habían sido señalados, un juicio por jurado en la Corte de Distrito de Arecibo, y en dicha moción el acusado renunció a "todo juicio rápido que le garanticen las leyes de Puerto Rico", y en dicho día 13 de noviembre el abogado J.

Valldejuly Rodríguez dirigió el siguiente telegrama a la Corte de Distrito de San Juan:

"Camino Arecibo comunico haberse radicado *mandamus* Supremo casos García Guzmán único abogado enterado casos no puedo asistir iré Tribunal."

Que en vista de la moción radicada por el acusado, se suspendió el juicio en los tres casos hasta nuevo señalamiento.

Los fundamentos que tuvo la Corte de Distrito de San Juan para desestimar la moción de suspensión los expone el Juez de la corte recurrida en los siguientes términos:

"A. La Corte de Distrito de San Juan estuvo de vacaciones durante los meses de julio y agosto de 1939 y por consiguiente no se celebraron juicios por jurado. En el mes de agosto se vió un calendario especial de casos *misdemeanors* pero en este calendario era imposible incluir los casos núms. 14785 y 14822 contra el acusado por cuanto él había solicitado que éstos se vieran conjuntamente con el caso *felony* que habría de verse por jurado a solicitud del propio acusado.

"B. Debido a la muerte del Hon. Pablo Berga, a quien correspondía el término criminal de casos *felony* que comenzó en septiembre 1°. de 1939 y habrá de terminar el día 1°. de febrero de 1940, dicho término criminal fué atendido durante los meses de septiembre y octubre por dos jueces interinos, y a pesar del celo desplegado por estos jueces, y de su competencia, el mero hecho de su interinidad tendió a entorpecerles en sus esfuerzos por disponer del cúmulo de casos *felony* que pesa sobre dicha Corte. En junio 30 de 1939 quedaron pendientes de juicio para verse en el término que comenzó el día 1°. de septiembre de 1939, 118 casos *felony*, y durante los meses de julio y agosto se acumularon 38 casos *felony* adicionales para verse en el término que comenzó el día 1°. de septiembre de 1939.

"C. Que a pesar de los inconvenientes antes expuestos, y del cúmulo de casos *felony* pendientes de juicio, y sin que mediara solicitud alguna del acusado, la Corte por uno de sus jueces interinos, procedió dentro de los 120 días a contar de la fecha en que se radicaron las acusaciones en los casos a que se contrae la petición de *mandamus*, o sea en octubre 10 de 1939, a señalar dichos casos para juicio, si bien la fecha señalada vino a caer fuera del término de 120 días.

"D. Que en vista de los fundamentos expuestos la demandada entiende que la demora de 26 días en uno de los casos, y 30 días en los otros dos, en exceso de los 120 días que prescribe el estatuto, está

plenamente justificada y que el acusado tuvo la oportunidad de un juicio rápido, bajo los circunstancias expuestas, oportunidad que desechó, renunciando al privilegio de un juicio rápido, al solicitar y obtener la suspensión de los juicios señalados para el día 13 de noviembre de 1939.''

En la audiencia que se celebró en este tribunal el 15 del corriente a las dos de la tarde, el peticionario no ofreció evidencia alguna para probar las alegaciones de su petición. El fiscal ofreció y se admitieron sin oposición los autos originales de los tres casos contra el acusado, los cuales sostienen la contestación de la corte recurrida en lo que respecta a los párrafos 1 al 7, ambos inclusive.

El artículo 448 del Código de Enjuiciamiento Criminal invocado por el acusado no exige lo imposible al disponer el sobreseimiento del proceso cuando ''no exista justa causa contraria.'' Aparte de la renuncia a un juicio rápido consignada por el acusado en su moción de suspensión de 10 de noviembre último, existió a nuestro juicio justa causa que impidió la celebración del juicio dentro de los 120 días que dispone el citado precepto legal.

*Procede, por consiguiente, desestimar la petición de mandamus.*